UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

NICOLAS SALINAS COVARRUBIAS,

    Petitioner,

v.                                             ACTION NO. 2:24cv169

JEFFREY CRAWFORD, *et al.*,

    Respondents.

### UNITED STATES MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION

This matter is before the Court on the *pro se* petition filed pursuant to 28 U.S.C. § 2241 by petitioner Nicolas Salinas Covarrubias ("Covarrubias"), seeking release from immigration detention, ECF No. 1, and respondents' motion to dismiss the petition for lack of subject matter jurisdiction and failure to state a claim, ECF No. 8. The matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Rule 72 of the Local Rules of the United States District Court for the Eastern District of Virginia. ECF No. 4.

United States Immigration and Customs Enforcement ("ICE") released Covarrubias from custody and removed him from the United States to Mexico after he filed his petition. Blumenthal Decl. ¶ 22, ECF No. 11; *see also id.* Attach. B. For the reasons discussed below, it is hereby **RECOMMENDED** that respondents' motion to dismiss, ECF No. 8, be **GRANTED**, and the petition for a writ of habeas corpus, ECF No. 1, be **DENIED** and **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

## I. STATEMENT OF THE CASE

According to the sworn declaration of Seth A. Blumenthal, acting Supervisory Detention and Deportation Officer with ICE, Covarrubias is a native and citizen of Mexico who was admitted to the United States as a Lawful Permanent Resident on or about March 16, 1974. Blumenthal Decl. ¶¶ 1, 5–6. On April 27, 2017, Covarrubias was convicted of conspiracy to distribute 500 grams or more of cocaine and conspiracy to distribute 5 grams or more of methamphetamine in the United States District Court of the Western District of Missouri. *Id.* ¶ 12; *see also United States v. Salinas*, No. 4:14cr332-3, ECF No. 508 (W.D. Mo. Apr. 27, 2017). On October 1, 2018, Covarrubias filed a Form N-600 Application for Certificate of Citizenship with the United States Citizenship and Immigration Services ("USCIS"). Blumenthal Decl. ¶ 13. USCIS denied that application on May 9, 2019, because both of Covarrubias' parents "would have needed to naturalize as U.S. Citizens before he had turned eighteen years of age for him to be a U.S. Citizen." *Id.* ¶ 14.

On October 5, 2020, an ICE Enforcement and Removal Operations officer conducted a telephonic interview with Covarrubias regarding his claim of United States citizenship. *Id.* ¶ 15. Covarrubias "indicated that his father was a lawful permanent resident who has never naturalized to become a U.S. Citizen[,]" while his mother naturalized as a United States citizen in 1984. *Id.* Department of Homeland Security records indicate that Covarrubias' mother naturalized in 2003. *Id.* On November 17, 2020, Covarrubias was found not to have a probative claim to United States citizenship, based either on the 1984 or 2003 naturalization dates of his mother. *Id.* ¶ 16.

After Covarrubias was released from the custody of the Federal Bureau of Prisons, ICE administratively arrested him on February 9, 2024. *Id.* ¶ 17. He was served that day with "a Notice to Appear placing him in removal proceedings as a Lawful Permanent Resident who is now

removable as a result of his convictions." *Id.* Also on that day, ICE detained Covarrubias at Farmville Detention Center in Farmville, Virginia and he renewed his claim to United States citizenship. *Id.* ¶ 18. On February 22, 2024, Covarrubias' claim to United Stated citizenship was again analyzed and he was found not to have a probative claim to citizenship. *Id.* ¶ 19.

On February 26, 2024, Covarrubias placed his *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the prison mail system, which the Court docketed on March 15, 2024. ECF No. 1, at 9. In his petition, Covarrubias sought to be released from ICE custody, *id.* at 8, because he was "a [naturalized] citizen through [his] mother who became a citizen of the US in July of 1984 and [he] was sixteen years old[,]" *id.* at 3. At the time he filed his petition, Covarrubias was in custody at the Farmville Detention Center in Farmville, Virginia. *Id.* at 1.

On May 8, 2024, an immigration judge sustained the charge of removal based on ICE filings, finding that Covarrubias "had not derived" United States citizenship. Blumenthal Decl. ¶ 20. On May 29, 2024, an immigration judge ordered that Covarrubias be removed from the United States to Mexico "at the [p]etitioner's request after he decided not to fill out any applications for relief or protection." *Id.* ¶ 21; *see also id.* Attach. A. Covarrubias was removed from the United States to Mexico on June 4, 2024, and thus is no longer in ICE custody. *Id.* ¶ 22; *see also id.* Attach. B.

## II.   FINDINGS OF FACT AND CONCLUSIONS OF LAW

This Court lacks jurisdiction over Covarrubias' petition because there is no longer a live case or controversy. *See* U.S. Const. art. III, § 2. "Article III of the Constitution grants this Court authority to adjudicate legal disputes only in the context of 'Cases' or 'Controversies.'" *Camreta v. Greene*, 563 U.S. 692, 701 (2011). For a case to be "fit for federal-court adjudication," the parties must demonstrate a "personal stake" in the proceedings by satisfying three conditions: "an

injury in fact," "caused by the conduct complained of," "that will be redressed by a favorable decision." *Id.* (internal quotations and citations omitted). This live case, or redressable dispute, must persist through all stages of the litigation for a federal court to maintain jurisdiction. *See Alvarez v. Smith*, 558 U.S. 87, 92 (2009) ("An 'actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975))). If at any point a litigant fails to meet any of the criteria, then there is no case or controversy, and the issue is moot. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90–91 (2013).

Covarrubias' petition is moot. Covarrubias challenges the legality of his detention pending removal and seeks "to be released [from] ICE custody." ECF No. 1, at 8. Covarrubias has been deported and is no longer in custody. There is, therefore, no injury caused by respondents that can be redressed by this Court, and the Article III case-or-controversy requirement cannot be satisfied. *See Atem v. Ashcroft*, 312 F. Supp. 2d 792, 796 (E.D. Va. 2004) ("Atem's petition for a writ of habeas corpus seeking release from []ICE custody is moot owing to the fact that he is no longer in []ICE custody."). Thus, the Court lacks jurisdiction to address the merits of Covarrubias' petition.

Insofar as Covarrubias is challenging his removal order, in addition to his detention, through his petition for a writ of habeas corpus, "Congress has specifically prohibited the use of habeas corpus petitions as a way of obtaining review of questions arising in removal proceedings." *Johnson v. Whitehead*, 647 F.3d 120, 124 (4th Cir. 2011) (citing 8 U.S.C. § 1252(b)(9)). Indeed, "[n]otwithstanding . . . section 2241 of title 28 . . . a petition for review filed with an appropriate court of appeals . . . shall be *the sole and exclusive means* for judicial review of an order of removal[.]" 8 U.S.C. § 1252(a)(5) (emphasis added). Because any challenge to Covarrubias' removal order constitutes a "review of questions arising in removal proceedings[,]" *Johnson*, 647 F.3d at 124, the Court lacks jurisdiction to decide this claim.

4

F.3d at 124, the Court lacks jurisdiction to decide this claim.

### III. RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that respondents' motion to dismiss, ECF No. 8, be **GRANTED**, and the petition for a writ of habeas corpus, ECF No. 1, be **DENIED** and **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

### IV. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to forward a copy of this report and recommendation to Covarrubias.

/s/ RJK
Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
November 5, 2024